**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**


| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:10-CR-133 |
| ) | (Phillips) |
| NATHANIEL MAURICE PARKER ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on the government's motion in limine for the admission of other crime evidence pursuant to Rule 404(b) of the Federal Rules of Evidence [Doc. 34]. The defendant has entered a not guilty plea to the one-count indictment charging him with being a felon in possession of a firearm and ammunition. The government contends that it must prove defendant's knowing possession of the firearm and ammunition which renders his prior state court conviction for possession of a handgun by a previously-convicted felon relevant because it shows the defendant's intent, knowledge, and lack of mistake or accident in the instant offense.

Defendant has responded in opposition [Doc. 37] stating that since he has agreed to a stipulation to the fact that he is a convicted felon for presentation to the jury, the admission of this prior conviction is not relevant to the charge at issue, is being used solely as propensity evidence, and the probative value of the conviction is substantially

outweighed by the danger of unfair prejudice, confusion of the issues, and will mislead the jury.

The court will not make any blanket ruling admitting this evidence in advance of trial. The issues of relevance and prejudice under Rules 404 and 403, Federal Rules of Evidence, should be addressed in the context of the trial when the court has the evidence before it. Accordingly, the government's motion in limine [Doc. 34] is **DENIED** at this time, subject to renewal at trial. The parties should take this matter up with the court out of the presence of the jury and the court will rule upon the admissibility of such evidence at that time. *See* Rule 103(c), Federal Rules of Evidence.

**ENTER:**

    s/ Thomas W. Phillips
United States District Judge

Rule 404(b) provides that evidence of other crimes is not admissible to prove the character of a person, but may be admissible for "proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." *United States v. Davis*, 2011 WL 944376 (6th Cir. Mar. 21, 2011). If admissible under Rule 404(b), the evidence is also subject to Rule 403, which provides that "relevant information may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." *Id.* The Sixth Circuit has developed a three-step test to determine if Rule 404(b) evidence is admissible. The court is to consider (1) whether there is sufficient evidence that the other acts took place, (2) whether the other acts are admissible for a proper purpose under Rule 404(b), and (3) whether the evidence is less prejudicial than it is probative. *Id.*

Here, the defendant has placed his knowing possession of the firearm and ammunition at issue and the government has the burden of proving that element beyond a reasonable doubt. The government has provided the court with a certified copy of the defendant's state court conviction for possession of a handgun by a convicted felon, so there is sufficient evidence that this prior act took place. The court finds that this prior conviction is admissible to show that defendant's alleged possession of the firearm and ammunition was knowing, intentional, and not a mistake. Further, the court finds that any prejudice to the defendant is outweighed by the probative value of the evidence. The court will give the jury a limiting instruction that the jury should consider the prior conviction only for the purpose of determining whether the defendant knowingly possessed the firearm and ammunition on the date specified in the indictment. Accordingly, the court finds the government's motion well taken, and it is **GRANTED.**